**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **ROGER SCOTT BRYNER,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:09-CV-253-CW-SA** |
| **HONORABLE DENISE LINDBERG; HONORABLE RANDALL N. SKANCHY; WESLEY OATES; and STATE OF UTAH'S THIRD DISTRICT COURT,** | **District Judge Clark Waddoups** |
| **Defendants.** | **Magistrate Judge Samuel Alba** |

Before the court are the following motions: (1) a motion to dismiss brought by Defendants Lindberg, Skanchy, and the Third District Court, State of Utah (hereafter "the State Defendants") (Doc. 31-19) ; (2) a motion to dismiss brought by Defendant Wesley Oates (Doc. 16, 26, 31-18); and (3) a motion to dismiss Defendant Wesley Oates without prejudice brought by Plaintiff (Doc. 33). Having reviewed these motions, as well as all the pleadings in this matter, the court submits this Report and Recommendation.

## BACKGROUND

A divorce/annulment case, Case Number 044904183, was filed in Utah State Third District Court, Salt Lake City, sometime by September 23, 2008. (Doc. 32-18, Exhibit C.) *Pro se* Plaintiff, Roger Scott Bryner, is the petitioner in that case, and his former partner and mother to his children, Svetlana Bryner, is the respondent in that case. (*Id.*)

Plaintiff filed for bankruptcy sometime before November 13, 2008. On November 13, 2008, United States Bankruptcy Judge Glen E. Clark entered an order granting Plaintiff's motion to extend the automatic bankruptcy stay as to all creditors. (Doc. 31-15.)

According to Plaintiff, he hired Defendant Wesley Oates, an attorney, to represent him on a limited basis in the state domestic proceeding. On March 6, 2009, Mr. Oates formally withdrew from the state case. (Doc. 32-18, Exhibit C.) On March 9, 2009, Judge Skanchy held a hearing on an order to show cause in the state domestic case. (Doc. 32-18, Exhibit B.) At that hearing, Judge Skanchy indicated that because he believed that Plaintiff had recently filed for bankruptcy, all action in the state case was stayed pending the bankruptcy. (*Id.*)

Plaintiff filed his Amended Complaint in this case in the United States Bankruptcy Court, District of Utah, on March 4, 2009. (Doc. 31-15.) Plaintiff asserts the following causes of action in his Amended Complaint: (1) violation of the bankruptcy stay; (2) violation of the stay on property of the estate; (3) fraud and mail fraud, and racketeering; (4) violation of 42 U.S.C. § 1983; and (5) legal malpractice. Plaintiff seeks declaratory relief, injunctive relief, and damages. (Doc. 31-15.)

On March 6, 2009, Defendant Oates filed a Motion to Dismiss and his Answer. (Doc. 31-17, 31-18.) On March 10, 2009, the State Defendants filed their Motion to Dismiss. (Doc. 31-19.)

On March 19, 2009, Plaintiff filed a Motion to Withdraw Bankruptcy Reference, requesting that this case be transferred away from the bankruptcy court to this court. (Doc. 2.) On March 27, 2009, United States District Judge Clark Waddoups, to whom the case was

assigned, referred the case to United States Magistrate Judge Samuel Alba, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. 10, 11.)   Defendant Oates then filed a Motion to Dismiss in the district court on June 9, 2009.  (Doc. 16.)

On August 10, 2009, the court held a hearing on Plaintiff's Motion to Withdraw Bankruptcy Reference.  (Doc. 27, 28.)  On October 23, 2009, the court granted Plaintiff's Motion to Withdraw Bankruptcy Reference.  (Doc. 30.)

On November 4, 2009, Plaintiff filed a motion to dismiss state claims against Defendant Oates without prejudice.  (Doc. 33.)  Defendant Oates opposed that motion, requesting that the court dismiss all claims against him with prejudice.  (Doc. 34.)

## ANALYSIS

In reviewing Defendants' motions to dismiss, the court "accept[s] as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to" Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  "'The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed.'" *Id.* (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)).  Plaintiff's complaint must plead sufficient facts that, when taken as true, provide "plausible grounds" that discovery will reveal evidence to support Plaintiff's allegations.  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In addition, because Plaintiff is proceeding *pro se*, the court must construe his pleadings liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  However, "th[e] court . . .  will not supply additional factual allegations to round out a plaintiff's complaint

or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).

The court first examines the State Defendants' argument that this court must abstain from this case under the *Younger* abstention doctrine. Second, the court will examine Plaintiff's request to dismiss Judge Skanchy from the case. Finally, the court will examine Defendants' motions to dismiss. As part of its review of Defendant Oates' motion to dismiss, the court also will address Plaintiff's motion to dismiss his claims against Defendant Oates without prejudice.

### A. *Younger* Abstention Doctrine

The State Defendants argue that the *Younger* abstention doctrine applies in this case. *See Younger v. Harris*, 401 U.S. 37, 41-43 (1971). "Under the *Younger* abstention doctrine, federal courts should not 'interfere with state court proceedings by granting equitable relief - such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings -' when a state forum provides an adequate avenue for relief." *Weitzel v. Div. of Occupational and Prof'l Licensing of the Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)). "The *Younger* doctrine, as developed, requires abstention when federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999). Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain. *See Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989).

4

In this case, the three conditions of the *Younger* doctrine are met. First, Plaintiff argues that this action would not interfere with an ongoing state judicial proceeding because Judge Skanchy stayed the state case; thus, Plaintiff argues that this action would not interfere with that action because there is no ongoing state case. A minute entry from March 9, 2009, when a hearing was held regarding an order to show cause, reveals that Judge Skanchy stayed the state domestic case, *Bryner v. Bryner*, because he believed Plaintiff had recently filed for bankruptcy. (Doc. 32-18, at 14, Exhibit B.) However, although the state case has been stayed, it is still ongoing. Further, when a disposition is entered in Plaintiff's bankruptcy action, the state court action presumably will resume. Therefore, the court concludes that there is an ongoing state domestic proceeding. In addition, among other things, in this action Plaintiff seeks to have this court enter an injunction and a declaratory judgment regarding issues that are before the state court in *Bryner v. Bryner*. As such, one of Plaintiff's express purposes in this case is to have this court interfere with the state court's decisions. Thus, the first requirement of the *Younger* doctrine is met.

Second, the court examines whether an important state interest is implicated in the state proceeding. The state proceeding is a domestic case between Plaintiff and Svetlana Bryner, Plaintiff's former partner and the mother of his children. The state has a strong interest in state domestic cases. *See Wigington v. McCarthy*, 124 F.3d 219, 1997 WL 527636, at *2 (10th Cir. 1997) (unpublished) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989)). Therefore, the court concludes that the second *Younger* condition is met.

Third, Plaintiff would have the opportunity to raise his federal claims in state court. Because the state court has jurisdiction to litigate both state and federal constitutional claims, Plaintiff could be given the opportunity to raise the claims he has brought in this action in state court. Further, the state court can entertain Plaintiff's arguments regarding his bankruptcy proceeding. Thus, the court concludes that all three of the *Younger* conditions are met.

Therefore, the court concludes that the *Younger* abstention doctrine applies to this case. *See D.L. v. The Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004) (explaining why *Younger* doctrine requires courts to abstain in cases seeking both injunctive relief and a declaratory judgment); *see also Younger*, 401 U.S. at 45 ("the normal thing to do when federal courts are asked to enjoin pending state proceedings in state courts is not to issue such injunctions"); *Ex parte Young*, 209 U.S. 123, 163 (1908) (explaining, in a different context, that "an injunction [from a federal court] against a state court would be a violation of the whole scheme of our government").

In case the court does not accept this court's conclusion that the *Younger* abstention doctrine applies to this case, the court further addresses Plaintiff's claims and the parties' arguments below.

**B.  Judge Skanchy**

The court next addresses Plaintiff's request to have Judge Skanchy dismissed from the case.

At the August 10, 2009 hearing, Plaintiff told the court that he wanted Judge Skanchy dismissed from this case.  (Doc. 28, at 23-24.)   This is the exchange Plaintiff had with the court regarding dismissing Judge Skanchy from this action:

> MR. BRYNER: . . . I would drop Judge Skanchy from the complaint, because he is the one that entered the order based on the bankruptcy. . . .
> THE COURT: Don't go so fast.  I want to make sure what concession it is that you are making concerning Judge Skanchy. He is still a defendant here.  Did I just hear you correctly to say that you are willing to dismiss the action as to him?  If you withdraw him as a party, that is in essence what you are telling me.
> MR. BRYNER: It is.
> THE COURT: Is that what you are doing?
> MR. BRYNER: It is.

(Doc. 28, at 23.)

Accordingly, based on Plaintiff's unequivocal request, the court recommends that Judge Skanchy be dismissed with prejudice from this action.

## C.  The State Defendants' Motion to Dismiss[1]

The State Defendants filed their motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(2) & 12(b)(6).  Under Rule 12(b)(2) the State Defendants contend that the court lacks personal jurisdiction.  Under Rule 12(b)(6) the State Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted.  *See id.* Specifically, the State Defendants make the following arguments in support of their motion to

---

[1]This motion was brought by Judge Lindberg, Judge Skanchy, and the Third District Court, State of Utah; however, because the court recommends that Judge Skanchy be dismissed based on Plaintiff's request, the court does not address this motion to dismiss as to Judge Skanchy.

dismiss:  (1) Plaintiff's § 1983 claims against the State are barred by the Eleventh Amendment;

(2) the State is not a person for purposes of § 1983; and (3) Plaintiff's claims against Judge

Lindberg are barred by absolute judicial immunity.[2]

### 1.  Defendant Third District Court, State of Utah

First, the State Defendants argue that the State of Utah is not a "person" under § 1983.

*See* 42 U.S.C. § 1983 ("Every *person* who, under color of any statute, ordinance, regulation,

custom, or usage, of any State . . . subjects or causes to be subjected . . . to the deprivation of any

rights, privileges or immunities secured by the Constitution and laws . . ."  (emphasis added).)

The court agrees.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ross v.*

*The Bd. of Regents of the Univ. of New Mexico* , – F.3d –, 2010 WL 1039794, at *2 (10th Cir.

March 23, 2010 N.M.); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) ("Neither the

state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor

a state official who acts in his or her official capacity, is a "person" within the meaning of §

1983.").  Because the State of Utah is not a "person" subject to suit under § 1983, Plaintiff's

allegations against the State of Utah under § 1983 fail as a matter of law.

Plaintiff has argued in his pleadings filed after his Amended Complaint that "[t]he State

of Utah is not being sued under 1983 . . . , Judge Lindberg is."  (Doc. 32-17, at 2; *see also* Doc.

32-17, at 6; 32-18, at 7.)  Having carefully reviewed all the possible claims Plaintiff has brought

---

[2]In their motion to dismiss, the State Defendants also argue that this federal action is
barred by the *Younger* abstention doctrine, which was addressed above.

in his Amended Complaint, the court concludes that if the State is not being sued under § 1983, all that is left in Plaintiff's complaint against the State is Plaintiff's request for declaratory relief.[3]

The State Defendants also argue that Plaintiff's claims against Defendant Third District Court, State of Utah are barred by the Eleventh Amendment. The court has just concluded that Plaintiff cannot sue the State under § 1983 because the State is not a "person" as defined by the statute. In addition, the Eleventh Amendment bars § 1983 claims against states and state entities. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Further, as noted above, Plaintiff has told the court that he is not bringing a § 1983 action against the State. As a result, the court has concluded that all Plaintiff has left in his complaint that applies to the State is his request for a declaratory judgment.[4]

Under the Eleventh Amendment, states are generally immune from suits brought in federal court; however, the Eleventh Amendment does not apply to suits against a state officer in his official capacity seeking only prospective relief. *See Ex parte Young*, 209 U.S. 123, 157-159

---

[3] In one of his pleadings, Plaintiff asserts that the State of Utah "is only being sued for injunctive relief under 11 U.S.C. § 105" and not under § 1983 (Doc. 32-18, at 5); however, now that the case has been removed from bankruptcy court (on Plaintiff's own motion) that statute does not apply to this action. Plaintiff has also clarified that he has not brought any claim for damages against the State of Utah, and that the mail fraud claim has not been brought against the State of Utah. (Doc. 32-17, at 2; 32-18, at 1-2, 4; *see also* Doc. 32-18, at 6, where Plaintiff asserts that "[i]f damages are not allowed against some defendants under some theories, then they are not asked for.")

[4] The court notes that Plaintiff has clearly stated in his pleadings responding to the State Defendants' motion to dismiss that he is not seeking monetary damages from the State. (Doc. 32-18, at 2, 4.) Instead, Plaintiff has clarified that he is only seeking injunctive relief against the State of Utah.

(1908); *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010).  "This

exception applies so long as the defendant officer has 'some connection with the enforcement of

the act, or else it is merely making him a party as a representative of the state, and thereby

attempting to make the state a party.'" *Id.* (quoting *Ex parte Young*, 209 U.S. at 157).

In this case, Plaintiff has not named specific individuals that he is suing in their official

capacities as state officers.  Instead, Plaintiff has listed as a defendant "Third District Court, State

of Utah."  This designation is insufficient.  As explained above, to qualify for the *Ex parte Young*

exception to Eleventh Amendment immunity, Plaintiff is required to bring an action against a

particular state official, sued in his or her official capacity, who has some connection with

enforcing the requested relief.  Because Plaintiff has failed to meet this requirement, his action

against the State is barred by the Eleventh Amendment.

Plaintiff has argued that the State of Utah waived its Eleventh Amendment immunity "by

filing a tax claim against Debtor" in the bankruptcy case.  (Doc. 32-17, at 8; 32-18, at 5.)  The

State of Utah has not brought a tax claim against Plaintiff in this case; therefore, the court, not

knowing to which tax claim Plaintiff is referring, is unable to address this argument.  Further,

Plaintiff quotes from *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th

Cir. 1999), in support of this argument; however, that quote describes an "extraordinarily

effective waiver" where a state filed a claim for taxes in a bankruptcy reorganization proceeding.

*See id.*  As explained, the state has not filed a tax claim - or any other claim - against Plaintiff in

this action.  In addition, this is not a bankruptcy reorganization proceeding.  Plaintiff has not

provided the court with any other understandable analysis; therefore, the court rejects this argument.

In conclusion, any § 1983 claim Plaintiff may be bringing against the State of Utah fails because the State is not a "person" under § 1983. In addition, because the Eleventh Amendment prohibits claims for prospective relief brought directly against the State, as Plaintiff has done in this case, Plaintiff's request for injunctive or declaratory judgment against the State is barred by the Eleventh Amendment.

### 2. Defendant Judge Lindberg

The State Defendants also argue that Plaintiff's claims against Judge Lindberg are barred by absolute judicial immunity. Although Plaintiff's Amended Complaint fails to clearly specify which claims Plaintiff is bringing against each defendant, when joined with the representations in Plaintiff's later pleadings, it appears to the court that the claims Plaintiff has brought against Judge Lindberg are: (1) "Violation of the Bankruptcy Stay," (2) Violation of the Stay on Property of the Estate; (3) "Fraud and Mail Fraud, and Racketeering"; and (4) "Violation of 42 U.S.C. § 1983." Plaintiff also seeks declaratory relief against Judge Lindberg.

### a. Absolute Judicial Immunity

The State Defendants argue that Plaintiff's claims are barred by absolute judicial immunity. "[I]t is well established that 'absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion.'" *Sheriff v. Accelerated Receivables Solutions, Inc.*, 283 F. App'x 602, 608 (10th Cir. 2008) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting *Guttman*, 446 F.3d at 1033)).

Although Plaintiff has asserted in pleadings filed subsequently to his Amended Complaint that he is not suing Judge Lindberg for damages but for injunctive relief, *see, e.g.,* Doc. 32-18, at 1, 2, Plaintiff has set forth claims in his Amended Complaint against Judge Lindberg that appear to be for damages. First, Plaintiff set forth a cause of action under § 1983 asserting that his due process rights were violated by Defendant Lindberg "systematically" converting civil actions against Plaintiff into criminal actions (in order to bypass the bankruptcy stay) without giving Plaintiff any proper constitutional or statutory notice. Because Plaintiff is alleging unconstitutional conduct on Judge Lindberg's part while she was performing judicial acts, Judge Lindberg enjoys absolute judicial immunity from this claim. *See Lowery v.* Utah, 315 F. App'x 45, 46 (10th Cir. 2008).

Judge Lindberg also enjoys absolute judicial immunity with regards to Plaintiff's cause of action for "Fraud and Mail Fraud, and Racketeering." In support of this cause of action, Plaintiff recites the following assertions: (1) "The order that 'direct criminal contempt' would be sought in a subsequent hearing was a deliberate attempt to avoid the stay by falsely and fraudulently claiming an action which is only civil under both state and federal law"; (2) Defendant Lindberg "personally authored this fraud and caused it to be sent through the US mail as part of a scheme to defraud"; (3) the fraudulent order was sent through the United States mail with the intent to mislead others that the bankruptcy stay was not in effect; and (4) Defendant Oates' statement that he served Plaintiff with a copy of "whatever Judge Schanky ordered him to do" is also fraud and mail fraud because Plaintiff was not properly served. (Doc. 31-15, at 16-17.) Because these facts show that Defendant Lindberg was acting in her official capacity as a state judge when she

issued the order identified by Plaintiff in this cause of action, she enjoys absolute immunity from this claim. *See Forrester v. White*, 484 U.S. 219, 225-27 (1988).

In conclusion, the court agrees with the State Defendants' arguments that Judge Lindberg enjoys absolute immunity as to Plaintiff's claims for (1) a violation of his due process rights under § 1983 and (2) fraud, mail fraud, and racketeering.[5]

### b. Injunctive Relief

Judicial immunity is primarily at issue when a plaintiff is seeking monetary damages against a judge. Plaintiff has clarified that his claims alleging Defendant Lindberg violated the bankruptcy stay are brought requesting injunctive and declaratory relief, not damages.[6] (Doc. 32-

---

[5]Plaintiff recites some facts in his Amended Complaint and attaches some exhibits arguing that Defendant Lindberg committed fraud or mail fraud in connection with her retention election. Because Plaintiff has not actually pleaded this as a claim, the court does not reach this argument.

[6]At the August 10, 2009 hearing, the court asked Plaintiff to clarify what he is seeking in this case. Plaintiff said that he does not seek damages; he only seeks injunctive relief. (Doc. 28, at 8.) Plaintiff told the court that he was seeking the following:

> . . . injunctive relief.
> And based on the fact that Svetlana Bryner was never my spouse, and because she was never my spouse, any obligation to her, although obviously not an obligation of child support, is discharged under the bankruptcy and is affected by the bankruptcy and they can't proceed pretending that it is not. I think that that is, you know, that is the order I want eventually. If a bankruptcy judge can't issue it, a district court judge is going to have to in some manner.

(Doc. 28, at 8.) Plaintiff also explained, in answer to the court's question regarding the § 1983 and RICO claims contained in his Amended Complaint:

> Yes, but at the heart of the matter, what I really want is – what I really want at the end of the day, you know, without going into excessive argument, because I think I'm not going to be treated

18, at 1, 2.) However, under § 1983, "injunctive relief shall not be granted" in a § 1983 action

against "a judicial officer for an act or omission taken in such officer's judicial capacity . . .

unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. §

1983. Here, nothing in Plaintiff's complaint suggests that Judge Lindberg violated a declaratory

decree or that declaratory relief was unavailable. Thus, because Plaintiff is seeking injunctive

relief as to his two claims regarding violation of the bankruptcy stay, those two claims fail to

---

> fairly, you know, against a judge, what I really want is just a very
> simple ruling saying Roger Bryner's debts to Svetlana Bryner are
> discharged other than child support. Leave him alone.

(Doc. 28, at 21.) When questioned about his ongoing bankruptcy case which appears to seek the
same remedy, Plaintiff responded:

> . . . Not to get the restraining order against the judge – the specific
> problem with Lindberg is that she made very clear comments that
> she didn't care what the federal courts were doing and she was
> going to proceed anyway, and if she was a federal court judge she
> would make a different determination.

(Doc. 28, 21-22.) When further questioned by the court regarding what he was seeking in his
Amended Complaint, Plaintiff explained that the information the court labeled extraneous was
included to show that Judge Lindberg is trying to violate federal law. (Doc. 28, 22.) Plaintiff
explained that by including all that information, he was "showing that that is not actually going
to happen without a restraining order." (Doc. 28, 23.)

Finally, when asked about which defendants he wanted to keep in this action, Plaintiff
reiterated what he is seeking in this lawsuit:

> . . . should be against all of the judges [in the Third District Court
> of Utah]. It is simply instructing them that there is a bankruptcy
> stay and discharge, specific debts are dischargeable and they are
> not to proceed anymore. If they want to go around with some sort
> of a criminal procedure, they can get me properly served and I can
> have my criminal civil rights on it.

(Doc. 28, at 24.)

Plaintiff's Amended Complaint stands on its own and the court determines whether it
states a claim upon which relief can be granted by examining its contents; however, the court
also has kept in mind, while examining Plaintiff's Amended Complaint, the clarifications
Plaintiff gave at the August 10, 2009 hearing.

state a claim on which relief may be granted.  *See Lawrence v. Kuenhold*, 271 F. App'x 763, 766

n.6 (10th Cir. 2008) (explaining that the doctrine of judicial immunity extends to suits against

judges seeking both monetary and injunctive relief); *Roth v. King*, 449 F.3d 1272, 1286 (D.C.

Cir. 2006), *cert. denied sub nom.*, *Sitomer v. King*, 549 U.S. 1210 (2007) ("42 U.S.C. § 1983, as

amended in 1996 by the [FCIA], explicitly immunizes judicial officers against suits for

injunctive relief.").

Finally, Plaintiff also seeks a declaratory judgment against Judge Lindberg.  Specifically,

Plaintiff requests that this court declare the following:

> 5.        . . . "[T]hat because Svetlana Bryner was never married to
> me and thus not an ex-spouse, and additionally that she failed to
> file an adversary case against me seeking relief within the time
> limits allowed were she an ex-spouse, that the State Court in case #
> 044904183 has never has [sic] had, and can not pretend to proceed
> to exercise concurrent jurisdiction over any issue falling under 11
> USC 523a(15).

(Doc. 31-15, at 2.)  Plaintiff also requests:

> 89.  The issuance of an order to show cause for a pre-petition
> canceled check renders any order void ab-initio.
> 90.  The order that past due child support must be paid from
> property of the estate within 30 days under penalty of jail was void
> ab-initio and without force.
> 91.  To the extent that the actions are judged to be a violation of
> the stay, the resultant order, even if positive to Plaintiff financially
> in stating that the Judgment for the fees was not presently possible
> due to the stay, is void ab-initio and lacks all force.
> 92.  The State Court can not rely on the void order to award fees, as
> all of it's [sic] actions related to the fees are void and can not be
> cured.
> 93.  All aspects of the order entered by the State Court, which
> adjudicate in any way any issue not exempted under 11 USC
> 362(b) are void ab-initio and without force and may not be cured.

(Doc. 31-15, at 16.)  Further, Plaintiff asks that this court declare "that the court of the State of

Utah had absolutely no jurisdiction over Debtor except with regards to any specifically granted

concurrent jurisdiction in § 523(a)(1), (3), (5), (7), (8), or (9) during the time periods from

08/16/2007 to 03/20/2008 and from 10/7/2008 to present" and "[t]hat the orders entered which

did not specifically address exempted items were and are void ab-initio and without force."

(Doc. 31-15, at 22.)

The court notes that a declaratory judgment "is meant to define the legal rights and

obligations of the parties in anticipation of some future conduct, not simply to proclaim liability

for a past act." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008); s*ee also Utah

Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004)

(McConnell, J., concurring) ("[A] declaratory judgment action involving past conduct that will

not recur is not justiciable.").  In addition, because it is a form of equitable relief, the court must

consider whether an alternative remedy that is better and more effective is available to Plaintiff.

*See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

In any case, Defendant Lindberg did not address Plaintiff's desired declaratory judgment

in her motion to dismiss.  As a result, the court does not address this issue.

### D.  Defendant Wesley Oates

Defendant Oates also has filed a motion to dismiss.  (Doc. 16, 26, 31-18.)  Defendant

Oates argues that the court lacks subject matter jurisdiction and that Plaintiff fails to state a claim

upon which relief can be granted.  In addition, Plaintiff has filed a motion to dismiss Defendant

Oates without prejudice.  (Doc. 33.)

In an opposing memorandum to Defendant Oates' motion to dismiss, Plaintiff states that his claim against Defendant Oates is one of legal malpractice and, as such, "is a pendent or ancillary state claim." (Doc. 32-15.) Further, at the August 10, 2009 hearing, Plaintiff requested that his claims against Defendant Oates be dismissed without prejudice. (Doc. 28, at 6, 24.) At that hearing, Plaintiff again stated that the claims he brought against Defendant Oates are state legal malpractice claims, and that he would like to pursue them in state court. (Doc. 28, at 9-10.) On November 4, 2009, Plaintiff filed a formal motion requesting Defendant Oates be dismissed without prejudice. (Doc. 33.) Defendant Oates opposes Plaintiff's motion to dismiss him without prejudice, and instead continues to seek a dismissal with prejudice. (Doc. 34.)

The court first addresses Plaintiff's motion to dismiss Defendant Oates without prejudice. Plaintiff has requested that, if possible, the court dismiss his claims against Defendant Oates pursuant to Federal Rule of Civil Procedure 41(a). (Doc. 35, at 1.) In relevant part, Rule 41(a) allows the dismissal of an action without a court order when a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Having examined Plaintiff's argument, the court concludes that Plaintiff may not voluntarily dismiss Defendant Oates for at least three reasons. First, Defendant Oates filed an Answer to Plaintiff's Amended Complaint on March 6, 2009. (Doc. 31-17.) Rule 41(a)(1)(A)(i) is only available if the opposing party has not filed an answer or summary judgment motion. Second, in this case, Plaintiff seeks to dismiss one defendant from his action rather than the entire action. It appears from the language of this rule and from case law that this rule may be used only to dismiss an entire action rather than only one defendant. *See, e.g.,*

*Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) (referring to Rule 41(a)(1)(A) dismissal of "suit" and dismissal of "action"); *U.S. Foodservice, Inc. v. Shamrock Foods Co., Inc.*, 246 F. App'x 570, 581 (10th Cir. 2007) (referring to Rule 41(a) dismissal of "case"); *see also* Fed. R. Civ. P. 41(a)(1)(A) (allowing plaintiff to voluntarily dismiss "an action").  Third, Plaintiff has not filed a notice of dismissal as required by the rule; instead, Plaintiff has filed a motion to dismiss.  As a result, the court concludes that Plaintiff's motion cannot cause the automatic dismissal of Defendant Oates under Rule 41(a).

The court notes that the district court has discretion in determining whether to exercise supplemental jurisdiction over state claims.  *See* 28 U.S.C. § 1367; *see also Xie v. University of Utah*, 243 F. App'x 367, 372 (10th Cir. 2007); *Brackens v. Best Cabs, Inc.*, 151 F. App'x 659, 661 (10th Cir. 2005).  Because, as explained below, the court concludes that Plaintiff has failed to state a claim for malpractice under Utah law, the court has opted to address Defendant Oates' motion to dismiss rather than have the case proceed in state court.  As a result, the court recommends that Plaintiff's motion to dismiss Defendant Oates without prejudice be denied.

In making his legal malpractice claim, Plaintiff complains, among other things, that Defendant Oates inappropriately and unethically tried to serve Plaintiff (Doc. 31-15 at 12-13); that Defendant Oates sent through the United States mail a statement to the court that he had served Plaintiff with a statement of judicial facts and the notice (when, according to Plaintiff, Defendant Oates had not served him) (Doc. 31-15, at 13); that Defendant Oates "has already revealed attorney client privileged statements to the court of Judge Skanchy" (Doc. 31-15, at 13); that Defendant Oates filed court documents representing Plaintiff's position in the case without

18

review or approval by Plaintiff (Doc. 31-15, at 13); and that Defendant Oates sought to withdraw while an action was pending, then withdrew a court order, and then instructed Plaintiff to cease contact with him through a police officer (Doc. 31-15, at 14).

The court reiterates that in reviewing a motion to dismiss, the court must accept as true all facts alleged by Plaintiff in his complaint and consider them in the light most favorable to his claims to determine whether they plausibly support the relief he seeks in his petition. *See Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Having reviewed Plaintiff's Amended Complaint with this standard in mind, the court recommends that Defendant Oates' motion to dismiss with prejudice be granted.

Under Utah law, in a legal malpractice action, whether it be based on a tort, breach of contract, or breach of fiduciary duty, the plaintiff must prove that damages resulted from the alleged malpractice. *See Christensen & Jensen, P.C. v. Barret & Daines*, 194 P.3d 931, 937-38 (Utah 2008). Although Plaintiff asks for a preliminary injunction against Defendant Oates, Plaintiff's Amended Complaint does not identify any damages caused by Defendant Oates' alleged malpractice. *See* Doc. 31-5. As a result, the court concludes that Defendant Oates' motion to dismiss should be granted because, under Utah law, Plaintiff has failed to state a claim for legal malpractice upon which relief can be based. *See* Fed. R. Civ. P. 12(b)(6).

# RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that the court **ABSTAIN** from this proceeding under the *Younger* abstention doctrine.

**IN THE ALTERNATIVE**, if the court concludes that the *Younger* abstention doctrine does not apply to this case, **IT IS RECOMMENDED** that (1) Judge Skanchy be **DISMISSED** from this action; (2) the motion to dismiss brought by Third District Court, State of Utah and Judges Skanchy and Lindberg (Doc. 31-9) be **GRANTED** other than Plaintiff's request for declaratory relief as to Judge Lindberg[7]; (3) Plaintiff's motion to dismiss Defendant Oates without prejudice (Doc. 33) be **DENIED**; and (4) Defendant Oates' motion to dismiss (with prejudice) (Doc. 16, 26, 31-18) be **GRANTED.**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  The parties must file any objection to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1),  within fourteen (14) days after receiving it.

---

[7]The court has not made a recommendation regarding Plaintiff's request for declaratory relief as to Judge Lindberg because that request was not addressed in the State Defendants' Motion to Dismiss.  As a result, if the court concludes that the *Younger* abstention doctrine does not apply to this case, Judge Lindberg remains a defendant in this action and that issue remains for the court to address.

Failure to file objections may constitute a waiver of those objections upon subsequent appellate review.

DATED this 27th day of April, 2010.

BY THE COURT:

_____
SAMUEL ALBA
United States Magistrate Judge